**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Gerow, | Case No. CV-23-01059-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Department of Justice, et al., | |
| Defendant. | |

Appearing pro se, Plaintiff filed his original complaint on December 30, 2022 against more than twenty government agencies, officers, and employees alleging that the defendants failed to investigate his complaints against an automobile repair shop. Doc. 1. Federal Rule of Civil Procedure 4(m) requires that all defendants be served within 90 days after the complaint is filed. As of March 30, 2023, 90 days after the filing of the original complaint, only defendants Phoenix Police Department, City of Phoenix, Arizona Attorney General's Office, Arizona Department of Transportation, Arizona Department of Public Safety, and Brian Eckenboy had been properly served. Docs. 12, 13, 14, 15, 16, 53.

On April 5, 2023 Plaintiff filed a Motion for Extension of Time to Serve Process, alleging that the remaining individual defendants were evading service. Doc. 33. The Middle District of Florida – where the case was pending at the time – dismissed the motion as moot following the Plaintiff's filing of his First Amended Complaint on May 2, 2023. Doc. 51.

On July 25, 2023, defendant United States Department of Justice filed a notice with the Court that service had not been perfected on the Department. Doc. 68. To serve the United States, a plaintiff must "deliver a copy of the summons . . . and complaint to the United States attorney for the district where the action is brought," as well as upon the Attorney General in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)(i), (B). It does not appear that the United States Attorney for the District of Arizona or the United States Attorney for the Middle District of Florida (where the case was originally filed) have been served. Though it appears Plaintiff may have attempted to serve the United States Attorney for the District of Columbia (Doc. 54), this would not satisfy the requirements of Rule 4.

Individual defendants Jemima Schmidt, Ryan Junas, Dan Schneider, Gary Gombar, Juilian Rosario, Kellie McGhee, Michael Sullivan, Jeri Williams, and Daniel Perez, as well as the United States Department of Justice remain unserved.[1] It has been well over 90 days since Plaintiff filed his First Amended Complaint, but because he is proceeding pro se the Court will allow Plaintiff an additional 30 days to serve the remaining defendants. He should serve the First Amendment Complaint on them. Although Plaintiff filed a Second Amended Complaint, he did so without complying with Federal Rule of Civil Procedure 15 and Local Rule of Civil Procedure 15.1. As a result, the Second Amended Complaint was not validly filed and is not the operative complaint in this case. The Court will address this matter further when it rules in the near future on the current pending motions.

Given the age of this case, the Court will not be inclined to grant additional extensions to serve Defendants.

---

[1] Unserved defendants Heston Silbert, Andres Vasques, Matthew Murray, Mark Brnovich, Shawn Steinberg, Tammy Miller, Nicole Shaker, John Halikowski, Tim Lane, Keith Richerson, Kris Mayes, Dan Barr, Lawrence Robertson Jr., Anthony Falcone, Arizona Auto Theft Authority, and Arizona Department of Insurance and Financial Institutions have voluntarily appeared in this matter.

The Court reminds the parties that motions to strike are viewed with disfavor and not frequently granted. Parties on all sides of this litigation are advised to avoid filing further motions to strike in this matter.

**IT IS ORDERED** that Plaintiff shall serve the remaining defendants with the First Amended Complaint within 30 days of this order.

Dated this 5th day of December, 2023.

David G. Campbell
Senior United States District Judge