**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Gerow, | Case No. CV-23-01059-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Department of Justice, et al., | |
| Defendant. | |

Appearing pro se, Plaintiff filed his original complaint on December 30, 2022 against more than twenty government agencies, officers, and employees alleging violations of state and federal law associated with the investigation of a purportedly fraudulent automobile repair business. Doc. 1. Federal Rule of Civil Procedure 4(m) requires that all defendants be served within 90 days after the complaint is filed. As of March 30, 2023, 90 days after the filing of the original complaint, only defendants Phoenix Police Department, City of Phoenix, Arizona Attorney General's Office, Arizona Department of Transportation, Arizona Department of Public Safety, and Brian Eckenboy had been properly served. Docs. 12, 13, 14, 15, 16, 53.

On December 5, 2023 the Court issued an order requiring the Plaintiff to serve the First Amended Complaint on the remaining defendants within 30 days. Doc. 91. In response, Plaintiff raised concerns about his ability to complete service within the deadline given the timing of the holiday season. Doc. 92. Understanding these concerns,

the Court will extend Plaintiff's deadline to serve the remaining defendants an additional 45 days beyond the 30 days already granted.

Plaintiff also contends that he has properly served defendant United States Department of Justice. In support, Plaintiff argues that Rule 4(i)(1)(A)(ii) may be satisfied by serving the civil process clerk at the United States Attorney's Office in Washington D.C., not just the civil process clerk in the district in which the case has been brought. Doc. 92 at 5-8. Rule 4(i)(1)(A) states that to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at **the** United States attorney's office.

Fed. R. Civ. P. 4(i)(1)(A) (emphasis added). "The language of Rule 4(i)(1)(A)(i) clarifies that clause (A) is concerned with ensuring that the local U.S. Attorney's office receives the summons and complaint, and subdivision (ii) merely allows for service by mail to the civil-process clerk at that office rather than requiring hand delivery to the U.S. Attorney." *Ploetz v. United States*, No. CIV. 10-3017 (RHK/FLN), 2011 WL 743062 at *1 (D. Minn. Feb. 23, 2011). By referring to "the" United States attorney's office, subpart (ii) references the office discussed in the proceeding sentence, the office in the district in which the action is brought. *See also Thibeault v. Brennan*, No. 19-CV-1682-CAB-BLM, 2019 WL 12536567 (S.D. Cal. Dec. 5, 2019) (noting that satisfying Fed. R. Civ. P. 4(i)(A)(ii) requires sending a copy of the summons and complaint to the United States attorney's office for the jurisdiction where the action is filed); *Smith v. United States Postal Serv.*, No. 4:21-CV-00379-KGB, 2022 WL 3970771 (E.D. Ark. Aug. 31, 2022).

1       Accordingly, though it appears Plaintiff may have attempted to serve the United

2 States Attorney for the District of Columbia (Doc. 54), this would not satisfy the

3 requirements of Rule 4.

4       **IT IS ORDERED** that Plaintiff shall serve the remaining defendants with the First

5 Amended Complaint within 75 days of the Court's December 5, 2023 order.

6       Dated this 19th day of December, 2023.

David G. Campbell
Senior United States District Judge