**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Eric Gerow,

                    Plaintiff,

vs.

U.S. Department of Justice, et al.,

                    Defendants.

Case No. CV-23-01059-PHX-DGC

**ORDER**

Pro se Plaintiff Eric Gerow asserts claims against more than 20 government agencies, officers, and employees for violations of state and federal law associated with the investigation of a purportedly fraudulent automobile repair business.  Doc. 49.  Defendant United States Department of Justice ("DOJ") has filed a motion to dismiss Plaintiff's first amended complaint under Federal Rules of Civil Procedure 12(b)(1) and (6).  Doc. 107.  The motion is fully briefed and no party requests oral argument.  Docs. 115, 117.  For reasons stated below, the Court will grant the motion.

## I.  Background.

Plaintiff's first amended complaint ("FAC") alleges that federal, state, and local officials failed to properly investigate Plaintiff's claims that he was defrauded by an automobile repair business.  Doc. 49.  The factual background of this case is further

described in the Court's earlier order.  Doc. 96.  The FAC contains the following allegations against DOJ.

In 2021, DOJ announced that it was launching a "pattern or practice" investigation into wrongdoing at the Phoenix Police Department ("PPD").  Doc. 49 ¶ 49.  The investigation was meant to be a comprehensive audit of the agency.  DOJ issued a public notice requesting that anyone who was the victim of PPD misconduct contact it and report their experience.  Plaintiff reported his experience to DOJ, but it took no action other than to confirm receipt of his report.  *Id.* ¶¶ 110-11.

Plaintiff filed his original complaint in December 2022.  Doc. 1.  He filed his FAC in May 2023 in response to motions to dismiss from city and state defendants.  Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.  In July 2023, DOJ filed a notice that Plaintiff had not served it with process.  Doc. 68.  Plaintiff served DOJ in January 2024 (Doc. 98), and DOJ filed the motion to dismiss shortly after.

**II.   Discussion.**

**A.   Rule 12(b)(1) – Subject Matter Jurisdiction.**

DOJ moves to dismiss Plaintiff's FAC for lack of subject matter jurisdiction.  DOJ argues that Plaintiff lacks standing to bring his suit under Article III and that the federal government has not waived sovereign immunity for his claims.  Doc. 107 at 4-8.

**1.   Legal Standard.**

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Courts presume that a claim "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"  *Id.* (citations omitted); *see Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (same).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack, like this one, asserts that the allegations in the operative pleading, even if taken as true, are

"insufficient on their face to invoke federal jurisdiction." *Id.* In addressing a facial attack, the Court takes the allegations as true. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in . . . a Rule 12(b)(1) motion." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 (9th Cir. 2017).

### 2. Article III Standing.

"Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983) (citations omitted). "[A] plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

DOJ argues that Plaintiff lacks standing because he does not allege he has suffered a legally cognizable injury that was caused by DOJ or that is redressable by the Court. Doc. 107 at 5. The Court agrees.

Plaintiff's sole allegations against DOJ are that DOJ requested the public inform it of wrongdoing by PPD, Plaintiff reported such misconduct, and DOJ failed to respond to his complaint. Doc. 49 ¶¶ 110-11. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, "a citizen lacks standing to contest the policies of the contesting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* Plaintiff's grievance with DOJ – that DOJ opted not to investigate his claims against PPD – is not a legally cognizable injury. *See Douglas v. Kalanta*, No. 23-15104, 2024 WL 1795160 (9th Cir. Apr. 25, 2024) (no legally cognizable claim where

defendant police department failed to adequately investigate alleged murder and communicate with victim's family); *Graves-Bey v. City & Cnty. of San Francisco*, 669 F. App'x 373, 374 (9th Cir. 2016) (plaintiff lacks standing to compel the investigation or prosecution of another person); *Robinson v. Cunan*, 489 F. App'x 187 (9th Cir. 2012) (same). Because Plaintiff fails to assert a judicially cognizable injury caused by DOJ, the Court does not have jurisdiction over his claim.[1]

Further, the Court lacks authority to compel DOJ – an arm of the executive branch of the federal government – to review PPD's operating standards or respond to Plaintiff's grievance, as he requests. Doc. 49 ¶ 208. "Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises." *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978). Because Plaintiff has not shown that he has standing to bring suit under Article III, the Court lacks subject matter jurisdiction over his claims against DOJ.

### 3. Sovereign Immunity.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Before a court "may exercise jurisdiction over any suit against the government, [it] must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. White*

---

[1] Plaintiff asserts in his response that DOJ created an implied contract with him when it encouraged individuals to inform it of PPD misconduct. Doc. 115 at 3-5, 12. Plaintiff suggests that this solicitation created a "special circumstance" under which Plaintiff was owed a response. *Id.* Plaintiff provides no support for this claim.

Nor is the Court persuaded by Plaintiff's argument that jurisdiction exists because he has been "singled out" for denial of services by DOJ. Doc. 115 at 7; *see Doe v. Newsom*, No. LA CV20-04525, 2021 WL 1521591 (C.D. Cal. Mar. 26, 2021), *aff'd sub nom. O. L. v. Newsom*, No. 21-55362, 2022 WL 885151 (9th Cir. Mar. 25, 2022) (no standing where plaintiff alleged that California law enforcement agencies systematically failed to prosecute sexual assault cases); *Hart v. McDermott*, No. C23-503, 2023 WL 5638520 (W.D. Wash. Aug. 31, 2023) (no standing where defendant prosecutors declined plaintiff's request to commence criminal actions against election officials).

*Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).   "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

Plaintiff asserts only official capacity claims against DOJ.   Absent waiver, sovereign immunity bars his claims against DOJ.  *Balser v. Dep't of Justice., Off. of U.S. Trust.*, 327 F.3d 903, 907 (9th Cir. 2003).  Plaintiff does not allege that the United States has waived sovereign immunity for any of his state or federal claims.[2]

To the extent Plaintiff claims DOJ violated his constitutional rights, those claims clearly are barred by sovereign immunity.   *Thomas-Lazear v. Fed. Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations").   And if the FAC were to be construed as asserting claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Ninth Circuit has made clear that *Bivens* does not waive sovereign immunity.  *West v. City of Mesa*, 708 F. App'x 288, 291 (9th Cir. 2017) ("Federal agencies may not be sued in *Bivens* actions, nor may the United States itself.") (citations omitted); *see also Cato v. United States*, 70 F.3d 1103, 1110-11 (9th Cir. 1995).

Further, if Plaintiff's claims were to be construed as being brought under the Federal Tort Claims Act ("FTCA"), those too would be barred as Plaintiff has not shown that he has complied with the FTCA's administrative exhaustion requirements.  *See* Doc. 107 at 8 n.1; *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) ("Th[e]

---

[2] Plaintiff cites *Adams v. Richardson*, 480 F.2d 1159 (D.C. Cir. 1973), in arguing that sovereign immunity does not apply to suits brought to ensure an agency properly construes its statutory obligations.  Doc. 115 at 7.  But *Adams* was brought under the Administrative Procedures Act (APA) to compel the Secretary of Health's compliance with enforcement procedures in Title VI of the Civil Rights Act, and the DC Circuit's decision addressed whether the claim could properly be asserted under the APA. Although the APA does waive sovereign immunity for certain categories of cases, Plaintiff does not bring his claims against DOJ under the APA.  Plaintiff does suggest that prosecutorial and qualified immunity may have been waived by DOJ, but these immunities – which generally relate to claims against individual defendants – are not implicated in a suit brought only against DOJ.

claim requirement of [the FTCA] is jurisdictional in nature and may not be waived.")
(quoting *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985)).

In summary, sovereign immunity also bars Plaintiff's claims against DOJ.[3]

**IT IS ORDERED** that DOJ's motion to dismiss (Doc. 107) is **granted.**

Dated this 21st day of May, 2024.

David G. Campbell
Senior United States District Judge

---

[3] DOJ additionally argues under Rule 12(b)(6) that Plaintiff fails to state a claim upon which relief can be granted. The Court need not address this issue in light of the lack of jurisdiction over the claims against DOJ, but has previously held that most of Plaintiff's allegations fail to state a claim. *See* Doc. 96.