1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9

10  Eric Gerow,                           No. CV-23-01059-PHX-DGC

11              Plaintiff,                **ORDER**

12  vs.

13  U.S. Department of Justice, et al.,

14              Defendants.

15

16

17       Plaintiff Eric Gerow claims that government agencies and officials failed to properly

18  investigate complaints that he was defrauded by an automobile repair business.  Docs. 1,

19  49.  Plaintiff moves for leave to amend his first amended complaint.  Doc. 130.  The State

20  and City Defendants oppose the motion.  Docs. 131, 132.  For reasons stated below, the

21  Court will grant the motion in part and deny it part.[1]

22

23       [1] For purpose of this order, "State Defendants" are the Arizona Attorney General's
24  Office, Arizona Department of Public Safety, Arizona Department of Transportation,
   Arizona Auto-Theft Authority, Arizona Department of Insurance and Financial
25  Institutions, Mark Brnovich, Heston Silbert, Andres Vasquez, Matthew Murray, Shawn
   Steinberg, Tammy Miller, Nicole Shaker, John Halikowski, Tim Lane, Brian Eckenboy,
26  Keith Richerson, Kris Mayes, Dan Barr, Lawrence Robertson Jr., and Anthony Falcone.
   *See* Doc. 131 at 1 n.1.  "City Defendants" are the City of Phoenix, Phoenix Police
27  Department, Jeri Williams, Michael Sullivan, Kate Gallego, Dan Schneider, Gary Gombar,
   Jemima Schmidt, Ryan Junas, Kellie McGhee, Julian Rosario, and Daniel Perez.  *See* Doc.
28  132 at 1.  "Government Defendants" are the State Defendants, the City Defendants, and
   the United States Department of Justice.

1

## I.   Background.

Proceeding pro se, Plaintiff filed his original complaint in December 2022 in the Middle District of Florida.   Doc. 1.   Plaintiff filed a first amended complaint ("FAC") in May 2023 in response to motions to dismiss.   Docs. 36, 37, 49.   The Middle District of Florida transferred the case to this Court in June 2023.   Doc. 60.

### A.   The FAC's Allegations and Claims.

The operative FAC contains the following allegations.   In February 2018, Plaintiff contracted with Tom Blackwell of Blackwell Automotive to have work done on his vehicle. Blackwell failed to perform the work over the next two years and did not update Plaintiff on the status of the vehicle.   In June 2020, Plaintiff contacted Blackwell about the vehicle and asked for the work to be completed.   Blackwell apologized for his failure to work on the vehicle and promised to have it completed by July 31, 2020.   After Blackwell again failed to finish the work, Plaintiff asked for the vehicle's return.   Blackwell responded that he would keep the money paid for the service as well as the vehicle unless Plaintiff paid approximately $30,000 in storage charges.   Doc. 49 ¶¶ 55-62.

When Plaintiff failed to pay the storage charges, Blackwell moved the vehicle to a different location without telling Plaintiff.   When Plaintiff learned the vehicle had been moved, he contacted the Phoenix Police Department ("PPD") and the Arizona Department of Public Safety ("DPS") to report the vehicle had been stolen.   PPD dispatched Officer Julian Rosario to investigate, but Officer Rosario refused to inform Plaintiff where the vehicle was located and instead suggested Plaintiff pay Blackwell the storage charges.   The case was ultimately assigned to Detective Dan Schneider, who declined to answer Plaintiff's phone calls and closed the case without talking to Plaintiff.   After Plaintiff complained about PPD's inaction, Officer Gary Gombar visited Blackwell to investigate the complaint, but took no further action.   *Id.* ¶¶ 68-71, 88-90.

Plaintiff reported the incident to the Arizona Attorney General's Office ("AGO"). The AGO, represented by Assistant Attorney General Nicole Shaker, informed Plaintiff that his claim was civil and outside the scope of the AGO's purview.   DPS, including

Officer Anthony Falcone, also declined to investigate.  When Plaintiff contacted DPS for assistance, Officer Falcone aggressively questioned him about his claims and threatened to charge him with making a false statement.  *Id.* ¶¶ 95, 117.

Plaintiff then contacted the office of Mayor Kate Gallego to report the inaction of PPD.  Plaintiff spoke with Daniel Perez on Mayor Gallego's staff, who terminated the phone call.  Plaintiff also attempted to communicate with the Arizona Department of Transportation ("ADOT") to prevent a lien or transfer of title on the vehicle after Blackwell threatened to file a lien if Plaintiff did not pay the storage fees.  ADOT enforcement officer Keith Richerson was unable to assist Plaintiff.  Plaintiff contacted the Arizona Auto Theft Authority ("ATA"), a department of the Arizona Department of Insurance and Financial Institutions ("DIFI"), in an attempt to recover his vehicle.  Plaintiff reported his experience to DIFI, as well as those he had learned about on Yelp.  DIFI reported that they could not help Plaintiff.  *Id.* ¶¶ 97-99, 102, 105-09, 112-14.

In 2021, the U.S. Department of Justice ("DOJ") announced that it was launching an investigation into wrongdoing at PPD.  The DOJ issued a public notice requesting that anyone who was the victim of PPD misconduct contact them and report their experience.  Plaintiff reported his experience to DOJ, but it took no action.  *Id.* ¶¶ 110-11.

The FAC asserts numerous claims against multiple government agencies, officers, and employees in their personal and official capacities, alleging violations of both state and federal law.  The claims are as follows:

- First Amendment claims (Counts 1 through 6)
- Fourteenth Amendment claims (Counts 7 and 8)
- Fourth Amendment claim (Count 9)
- Fifth and Sixth Amendment claims (Counts 10 and 11)
- Commerce Clause claim (Count 12)
- Federal criminal statute claims (Counts 13-16, 18, 20, 21)
- Federal RICO claim (Count 17)
- Section 1983 and *Monell* and *Canton* liability claims (Counts 19, 30, 34)

- Infliction of emotional distress (Counts 22, 35, 36).
- Arizona criminal statute claims (Counts 23-25)
- Negligence claims (Counts 26, 27, 37)
- Conversion, malpractice, and libel claims (Counts 28, 38, 39)
- Surety bonds claim (Count 29)

*Id.* ¶¶ 135-206.[2]  Plaintiff seeks compensatory damages, punitive damages, a declaratory judgment, and injunctive relief.  *Id.* ¶¶ 207-13.

**B.    Dismissal of Claims Asserted in the FAC.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the State Defendants and Defendants City of Phoenix and PPD moved to dismiss the claims asserted against them in the FAC.  Docs. 76, 78.[3]  The Court denied the motions with respect to Counts 1 and 4 against Defendant Falcone and granted the motions with respect to Counts 2-3, 5-28, 30, and 34-39.  Doc. 96 at 23.

The Court reached the following conclusions: (1) the state law claims against DPS, ADOT, ATA, DIFI, and PPD are barred because they are non-jural entities; (2) the state law claims against Defendants City of Phoenix and PPD are barred because Plaintiff did not comply with Arizona's notice of claim statute; (3) the FAC fails to assert a viable gross negligence claim and Defendants are entitled to qualified immunity on the simple negligence claims; (4) no private right of action exists under the cited criminal statutes; (5) the FAC fails to allege facts sufficient to state claims for infliction of emotional distress, conversion, malpractice, and libel; (6) Eleventh Amendment sovereign immunity bars the claims for monetary relief against DPS, AGO, ADOT, ATA, and DIFI; (7) the individual State Defendants in their official capacities may not be held personally liable under § 1983; (8) the FAC asserts plausible First Amendment claims against Defendant Falcone (Counts

---

[2] The FAC skips three numbers in numbering the claims (31, 32, and 33), so even though there appear to be 39 claims, there actually are only 36.

[3] The other City Defendants did not move to dismiss because they had not yet been served with process.

4

1 and 4);[4] (9) the remaining constitutional claims fail as a matter of law; (10) the FAC fails to allege facts sufficient to state a RICO claim; (11) the stand-alone § 1983 claim is not viable and the FAC fails to allege facts sufficient to show municipal liability under *Monell* (official policy or custom) or *Canton* (failure to train); (12) Plaintiff's request for punitive damages on the state law claims is barred by A.R.S. § 12-820.04; and (13) the surety bonds claim in Count 29 is a remedy to be addressed later in the litigation.  *Id.* at 5-23.[5]

Pursuant to Rule 12(b)(1), the DOJ moved to dismiss the FAC for lack of subject matter jurisdiction.  Doc. 107.  The Court granted the motion, finding that Plaintiff lacks standing to sue the DOJ and his claims against the DOJ are barred by sovereign immunity.  Doc. 128.

### C.    Plaintiff's Motion for Leave to Amend.

In June 2024, Plaintiff filed a motion to amend, attaching a proposed second amended complaint ("SAC").  Docs. 130, 130-1.[6]  Plaintiff seeks leave to assert a RICO claim (Count 13) and multiple state law claims (Counts 14-27) against three new Defendants – Tom Blackwell, Blackwell Automotive, and Kristy Singer (collectively, the "Blackwell Defendants").  Doc. 130 ¶ 9; Doc. 130-1 ¶¶ 43-45, 291-318.   The proposed SAC also reasserts previously dismissed claims (Counts 1-12) and includes a claim under the Americans with Disabilities Act (Count 29).  Doc. 130-1 ¶¶ 264-287, 323-24.[7]  The

---

[4] The Court found that the FAC stated First Amendment retaliation and freedom to petition claims against Defendant Falcone because the FAC alleges that Falcone aggressively questioned Plaintiff about his legitimate complaint regarding Blackwell and threatened Plaintiff with prosecution for making a false statement.  *Id.* at 14 (citing Doc. 49 ¶ 95).

[5] The Court did not specifically address whether the FAC states claims for relief against the City Defendants that had not been served with process.  *See id.* at 14 n.5, 23.  These Defendants have now been served and oppose leave to amend to the extent the SAC purports to asserts claims against them.  *See* Docs. 118-27, 132 at 1.

[6] In August 2023, Plaintiff filed a proposed second amended complaint.  Doc. 79.  The Court struck the complaint because if was filed without leave of Court or consent from Defendants.  Doc. 96 at 3-4.  Although Plaintiff refers to the instant proposed complaint as the third amended complaint, the Court will refer to it as the SAC because the prior amendment was not permitted.  *See* Doc. 130 ¶ 10.

[7] Count 28 is a surety bonds claim to be addressed later in the litigation.

City and State Defendants argue that leave to amend should be denied as futile.  Docs. 131, 132.[8]

## II.   Legal Standard.

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy favoring leave to amend must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  The Court may deny leave to amend on the basis of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment.  *Foman*, 371 U.S. at 182.  To assess futility, the Court necessarily evaluates whether relief may be available on the merits of the proposed claims. *Caswell v. Calderon*, 363 F.3d 832, 837-39 (9th Cir. 2004).  If the proposed claims fail as a matter of law, amendment should be denied.[9]

## III.   Discussion.

### A.   Reasserted Claims Against State and City Defendants (Counts 1-12).

Plaintiff states that he seeks leave to amend primarily to assert claims against the Blackwell Defendants.  Doc. 130 ¶¶ 9, 11.  Plaintiff does not address the previously dismissed claims against the State and City Defendants and did not reply to their arguments that leave to amend would be futile.  *See* Docs. 131, 132.

The proposed SAC reasserts claims for violations of the First Amendment (Counts 1-4).  Doc. 130-1 ¶¶ 264-71.  Plaintiff alleges that City of Phoenix employee Daniel Perez repeatedly interrupted Plaintiff and otherwise refused to listen to his complaints about

---

[8] The DOJ did not file a response to Plaintiff's motion to amend, but for reasons stated in the Court's earlier dismissal order (Doc. 128), the Court lacks jurisdiction over claims asserted against the DOJ.  The Court therefore will deny the motion to amend with respect to the DOJ.

[9] "The standard for assessing whether a proposed amendment is futile is the same as the standard imposed under Rule 12(b)(6)[,] . . . although 'viewed through the lens of the requirement that courts freely give leave to amend when justice so requires.'"  *SCI Collaboration, LLC v. Sports Car Int'l, LLC*, No. 3:20-CV-170-AC, 2020 WL 6531912, at *5 (D. Or. Nov. 5, 2020) (citations omitted).

Blackwell and the PPD. *Id.* ¶¶ 267, 271. The SAC also alleges that ADPS, Heston Silbert, Andres Vasquez, Mayor Gallego, and the City share responsibility for the purported First Amendment violations under *Monell* and *Canton* theories of municipal liability. *Id.* ¶¶ 265, 267, 269, 271.

The State Defendants correctly argue that amendment with respect to ADPS, Silbert, and Vasquez would be futile because neither *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658 (1978), nor *City of Canton v. Harris*, 489 U.S. 378 (1989), impose liability on individuals, and the Eleventh Amendment bars § 1983 claims against state agencies and individual state officials acting in their official capacities. Doc. 131 at 11 & n.7; *see also* Doc. 96 at 12, 19-20 (discussing Eleventh Amendment immunity and municipal liability under *Monell* and *Canton*); *Cantu v. City of Portland*, No. 3:19-CV-01606-SB, 2020 WL 2952972, at *3 (D. Or. June 3, 2020) ("Avenues for liability under Section 1983 include municipal (or '*Monell*') liability and individual liability."); *Ransom v. Greenwood*, No. 99cv2592-WQH (AJB), 2005 WL 8166145, at *12 (S.D. Cal. Aug. 17, 2005) (explaining that "[b]oth *Monell* and *City of Canton* expressly discuss municipal, as opposed to individual liability").

The City Defendants argue that amendment with respect to Perez, Mayor Gallego, and the City would be futile because Plaintiff has not sufficiently alleged a First Amendment violation by these parties. Doc. 132 at 7-13. The Court agrees.

Plaintiff alleges that Perez violated his First Amendment free speech and petition rights when Perez interrupted Plaintiff and hung up the phone as he attempted to report his concerns regarding PPD's investigation of his complaints against Blackwell. Doc. 131-1 ¶¶ 267, 271 (Counts 2 and 4). But "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc. For Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). Perez's alleged refusal to listen fully to Plaintiff's concerns did not violate the First Amendment and leave to amend in this regard will be denied. *See Sgaggio v. Diaz*, No. 22-CV-02043-PAB-MDB, 2023 WL 6064599, at *2 (D. Colo. Sept. 18, 2023) (rejecting the plaintiff's

claim that he had "a First Amendment right to verbally challenge a police investigation that was abridged when Detective Diaz ended the telephone call").

Plaintiff asserts that the City and Mayor Gallego are liable for Perez's actions under *Monell* and *Canton* theories of liability.  Doc. 130-1 ¶¶ 267, 271.  Plaintiff alleges the City and PPD have a widespread "policy or custom" of ignoring complaints from members of the public.  *Id.* ¶¶ 224-26.  Plaintiff cites a June 2024 report by the DOJ outlining its findings from a pattern or practice investigation into PPD.  *Id.* ¶ 226 & n.9 (citing U.S. DOJ, Civil Rights Division, *Investigation of the City of Phoenix and the [PPD]*, https://www.justice.gov/crt/media/1355866/dl?inline).  But Plaintiff fails to point to any finding in the DOJ report that relates to the specific claims asserted in the SAC.  *See* Doc. 132 at 9-13; *Frank v. City of Ville Platte*, No. 6:17-CV-01351, 2019 WL 1064261, at *5 (W.D. La. Mar. 6, 2019) ("The situation presented here is substantially different from the focus of the DOJ's investigation . . . .  Accordingly, . . . even if this Court can properly take judicial notice of the DOJ Report, it has no persuasive authority with regard to Frank's claims in this case[.]"); *Barr v. City of Albuquerque*, No. 12-CV-01109-GBW/RHS, 2014 WL 11497833, at *7 (D.N.M. Aug. 22, 2014) (declining to reconsider dismissal of municipal liability claims where "the DOJ findings on 'causation' lack any connection between the alleged municipal policy and the shooting of [p]laintiff").[10]  What is more, "[t]here can be no municipal liability without an underlying constitutional violation." *Donley v. Wellpath*, No. 1:23-CV-01740-KES-SAB (PC), 2024 WL 4308275, at *3 (E.D. Cal. Sept. 26, 2024).  As noted, the SAC fails to state a First Amendment claim against Perez (or any other City Defendant).

The Court will deny leave to amend with respect to the First Amendment claims asserted in Counts 2 and 4 of the SAC.[11]

---

[10] Plaintiff notes that the DOJ found generally that the City of Phoenix does not effectively handle citizen complaints (Doc. 130 ¶ 6), but this general finding does not show a constitutional violation in Plaintiff's specific case.

[11] In Counts 1 and 3 of the SAC (Doc. 130-1 ¶¶ 265, 269), Plaintiff reasserts the First Amendment claims against Defendant Falcone that the Court previously declined to dismiss.  *See* Doc. 96 at 13-15; Doc. 49 ¶¶ 136, 142 (Counts 1 and 4 of the FAC).  Plaintiff

The SAC reasserts claims for violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments, a stand-alone § 1983 claim, and claims under 18 U.S.C. §§ 241 and 242 (Counts 5-12).  Doc. 130-1 ¶¶ 272-87.  Because Plaintiff has not cured the deficiencies in these claims that the Court identified in its prior order (*see* Doc. 96 at 15-19), amendment to reassert the claims will be denied as futile.

## B.     Americans With Disabilities Act Claim (Count 29).

The SAC alleges that Defendants denied Plaintiff reasonable accommodations when they refused to toll the time required for him to submit a notice of claim after he suffered a wrist injury.  Doc. 130-1 ¶¶ 323-24.

The Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state an ADA claim, a plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (citations omitted).

Defendants correctly assert that Plaintiff has not alleged facts sufficient to establish any of the four elements of an ADA claim.  *See* Docs. 131 at 8-10, 132 at 9.  Further, the SAC alleges that "[a]lmost every claim filed by a member of the public is routinely denied" as untimely because the State "was simply running an assembly line of denying any and all claims submitted to it, without researching the validity or circumstances of any individual claim[.]"  Doc. 130-1 ¶¶ 181, 183.  If the State routinely denies all notices of claim as untimely, Plaintiff's wrist injury could not have been the reason his notices were denied.

is granted leave to include these claims in the SAC.

9

1    The Court will deny leave to amend with respect to the ADA claim in Count 29.

2        **C.    Claims Against the Blackwell Defendants (Counts 13-27).**

3        Plaintiff seeks leave to amend the FAC to add a federal RICO claim and various

4    state law claims against the Blackwell Defendants.  Docs. 130 ¶ 9, 130-1 ¶¶ 288-318

5    (Counts 13-27).  Given the liberal standard for amendments under Rule 15, the Court will

6    grant Plaintiff leave to assert the proposed claims against the Blackwell Defendants.  *See*

7    *Lillis v. Apria Healthcare*, No. 12-CV-52-IEG KSC, 2012 WL 4760908, at *1 (S.D. Cal.

8    Oct. 5, 2012) ("In the Ninth Circuit, Rule 15's policy of favoring amendments to pleadings

9    should be applied with 'extreme liberality,' and this policy is applied even more liberally

10   to pro se litigants.") (cleaned up); *see also World Nutrition Inc. v. Advanced Enzymes USA*,

11   No. CV-19-00265-PHX-GMS, 2021 WL 632684, at *1 (D. Ariz. Feb. 18, 2021)

12   (explaining that the defendant "bears the burden of establishing futility or one of the other

13   permissible reasons for denying a motion to amend").[12]

14       **IT IS ORDERED:**

15       1.    Plaintiff's motion for leave to amend (Doc. 130) is **granted in part** and

16   **denied in part**.  The motion is granted with respect to the reasserted claims in Counts 1

17   and 3 against Defendant Falcone, the claims asserted in Counts 13-27 against the Blackwell

18   Defendants, and the surety bonds claim in Count 28.  *See* Doc. 130-1 ¶¶ 264-65, 268-69,

19   288-322.  The motion is denied with respect to the reasserted claims in Counts 2, 4, and

20   5-12 and the ADA claim in Count 29.  *See id.* ¶¶ 266-67, 270-87, 323-24.

21       2.    The Clerk is directed to file the proposed SAC (Doc. 130-1), which will be

22   the operative complaint in this case.

---

[12] Because Plaintiff paid the filing fee and is not proceeding in forma pauperis, the Court will not screen the SAC to determine whether it sufficiently asserts plausible claims for relief against the Blackwell Defendants.  *See Navarro v. United States*, No. CV-23-01239-PHX-DMF, 2024 WL 3498361, at *4 (D. Ariz. Apr. 25, 2024) ("Plaintiff paid the filing fee in this matter, which relieves the Court of any obligation to screen the Complaint pursuant to 28 U.S.C. § 1915(e).").

3.      The claims that remain in the case are Counts 1 and 3 against Defendant Falcone, Counts 13-27 against the Blackwell Defendants, and the surety bonds claim in Count 29 of the SAC.

4.      Plaintiff shall serve process on each Blackwell Defendant pursuant to Federal Rule of Civil Procedure 4 within **45 days** of this order.

5.      The second telephonic case management conference set for November 5, 2024 (*see* Doc. 134) is **vacated**.  The conference will be rescheduled once the Blackwell Defendants have responded to the SAC**.**

Dated this 16th day of October, 2024.

David G. Campbell
Senior United States District Judge