**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Gerow,<br><br>                     Plaintiff,<br><br>v.<br><br>Anthony Falcone; Tom Blackwell;<br>Blackwell Automotive Inc.; and Ray Lata,<br><br>                     Defendants. | No. CV-23-1059-PHX-DGC<br><br>**ORDER** |

Plaintiff Eric Gerow moves for entry of default and default judgment against Defendant Ray Lata. Doc. 188. The Court will deny the motion.

**I.    Entry of Default Under Rule 55(a).**

On July 21, 2025, the Court entered an order authorizing Plaintiff to serve Defendant Lata by mailing the operative complaint, summons, and a copy of the order to Lata at his last known business or residential address. Doc. 183 at 1 (citing Fed. R. Civ. P. 4(e)(1); Ariz. R. Civ. P. 4.1(k)(2)). Federal Rule of Civil Procedure 55(a) provides for entry of default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"

Plaintiff asserts that he mailed the complaint and other documents to Defendant Lata on July 24, 2025 (Doc. 188 ¶ 16), but provides no proof of service showing that the purported service was properly made. He does not describe the manner in which the

documents were mailed (e.g., first class, certified mail, etc.) and to which specific address (last known personal or business address). *See Paradise v. California*, No. 2:25-CV-02358-MRA-DFM, 2025 WL 2092821, at *2 (C.D. Cal. June 10, 2025) ("The purpose of filing a proof of service is to confirm that a defendant has been properly served. If the proof of service does not reflect as much, then its presence on the docket alone is insufficient to deem a defendant properly served. Plaintiff must *show* that service of process was effectuated in a manner consistent with Federal Rule of Civil Procedure 4."); *Tolbert v. Nevada*, No. 2:24-CV-01443-JAD-DJA, 2025 WL 1249134, at *1 (D. Nev. Apr. 29, 2025) ("[W]ithout proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process. So Tolbert's motion for entry of default is denied.") (citation modified).

The Court will deny Plaintiff's request for entry of default against Defendant Lata.

**II      Default Judgment Under Rule 55(b).**

Pursuant to Rule 55(b)(1), Plaintiff seeks default judgment against Defendant Lata in the "sum certain" amount of $42,000,508.24. Doc. 188 ¶¶ 6, 21. Plaintiff seeks $2 million for each of the seventeen counts asserted against Defendant Lata, with damages on the two racketeering counts trebled to $6 million, plus $508.24 in costs. Doc. 188-1 ¶¶ 9-11; *see* Doc. 169 ¶¶ 70-137. But most of the claims, including those for fraud, breach of contract, negligence, and slander, are not subject to an award of sum certain damages.

Even if Defendant Lata's default were to be entered, that would not automatically entitle Plaintiff to a court-ordered judgment against Lata. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one."). The rule in this Circuit is "that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Plaintiff does not address the factors to be considered in deciding whether default judgment is appropriate: (1) the possibility of

prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See id.* at 1471-72.

Nor does Plaintiff present evidence to determine damages. While the Court may generally take as true the factual allegations of the complaint, it may not simply accept the amount of damages Plaintiff requests. *See* Fed. R. Civ. P. 55(b)(2); *Geddes v. United Fin. Grp*., 559 F.2d 557, 560 (9th Cir. 1977). "There must be an evidentiary basis for the damages sought by [P]laintiff." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc*., 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted); *see also Holtsinger v. Briddle*, No. CIV-S-03-0732-MCE-CMK-P, 2007 WL 1080112, at *1 (E.D. Cal. Apr. 4, 2007) ("When a plaintiff's damages are unliquidated . . . they require 'proving up' through an evidentiary hearing or some other means.") (citations omitted). Other than a conclusory affidavit asserting the amount of damages sought (Doc. 188-1), Plaintiff presents no evidence to establish the actual damages to which he may be entitled, let alone the $42 million he seeks.

The Court will deny Plaintiff's request for default judgment against Defendant Lata.

**IT IS ORDERED** that Plaintiff's motion for entry of default and default judgment against Defendant Lata (Doc. 188) is **denied**.

Dated this 29th day of September, 2025.

_____
David G. Campbell
Senior United States District Judge