WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Gerow,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Anthony Falcone; Tom Blackwell; Blackwell Automotive Inc.; and Ray Lata,<br><br>　　　　　　Defendants. | No. CV-23-1059-PHX-DGC<br><br>**ORDER** |

Plaintiff Eric Gerow moved for entry of default and default judgment against Defendant Ray Lata. Doc. 188. The Court denied the motion. Doc. 197. Plaintiff has filed an objection (Doc. 200), which the Court construes as a motion for reconsideration. The Court will grant the motion in part, direct the Clerk of Court to enter Defendant Lata's default, and give Plaintiff until December 5, 2025 to file a motion for default judgment against Lata.

**I.　　Entry of Default Under Rule 55(a).**

On July 21, 2025, the Court entered an order authorizing Plaintiff to serve Defendant Lata by mailing the operative complaint, summons, and a copy of the order to Lata at his last known business or residential address. Doc. 183 at 1. Federal Rule of Civil Procedure 55(a) provides for entry of default where "a party against whom a judgment for affirmative

1

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"

Plaintiff asserted that he mailed the operative complaint and other documents to Defendant Lata on July 24, 2025. Doc. 188 ¶ 16. But Plaintiff provided no proof of service showing that the purported service was properly made. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). The Court therefore denied the request for entry of default against Defendant Lata. Doc. 197 at 1-2.

Plaintiff has now provided proof that he served Defendant Lata on July 24, 2025 by mailing the appropriate documents via the United States Postal Service to Lata's last known address (1210 Forest Hills Drive, Wilmington, NC 28403). Docs. 200 ¶ 25, 200-1 at 1; *see* Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended."). The Court will direct the Clerk to enter Defendant Lata's default. *See* Fed. R. Civ. P. 55(a).

**II.     Default Judgment Under Rule 55(b).**

Pursuant to Rule 55(b)(1), Plaintiff sought default judgment against Defendant Lata in the "sum certain" amount of $42,000,508.24. Doc. 188 ¶¶ 6, 21. Plaintiff sought $2 million for each of the seventeen counts asserted against Defendant Lata, with damages on the two racketeering counts trebled to $6 million, plus $508.24 in costs. Doc. 188-1 ¶¶ 9-11. Because most of the claims are not subject to an award of sum certain damages, and because Plaintiff presented no evidence to determine the amount of damages to which he may be entitled, the Court denied the request for default judgment. Doc. 197 at 2-3.

The Court also explained that even if Defendant Lata's default is entered, that does not automatically entitle Plaintiff to a court-ordered judgment. *Id.* The rule in this Circuit is "that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Plaintiff has not shown that the Court erred in denying the request for default judgment. Plaintiff's request for reconsideration in this regard will be denied.

Plaintiff states that he intends to move for a hearing on default judgment. Doc. 200 ¶ 47. The Court will determine whether a hearing is necessary after Plaintiff files a proper motion for default judgment against Defendant Lata. *See* Fed. R. Civ. P. 55(b)(2)(B) (the court "may" conduct a hearing to determine the amount of damages); *Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 WL 5721062, at *2 (D. Ariz. Nov. 5, 2019) ("[T]he Court 'may determine there is sufficient evidence [of damages] either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence.'") (citation omitted).

Plaintiff shall have until **December 5, 2025** to file a motion for default judgment against Defendant Lata pursuant to Rule 55(b)(2). The motion must address the factors to be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471-72. The motion must also include any evidence Plaintiff has regarding the amount of damages he seeks. As the Court previously explained, a conclusory affidavit asserting the amount of damages sought is not sufficient. *See* Docs. 188-1, 197 at 3.

**IT IS ORDERED:**

1. Plaintiff's motion for reconsideration (Doc. 200) is **granted in part** and **denied in part** as set forth in this order.

2. The Clerk is directed to enter Defendant Lata's default.

3. Plaintiff shall have until **December 5, 2025** to file a motion for default judgment against Defendant Lata.

Dated this 13th day of November, 2025.

David G. Campbell
Senior United States District Judge