**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Gerow,<br><br>            Plaintiff,<br><br>v.<br><br>Anthony Falcone; Tom Blackwell;<br>Blackwell Automotive Inc.; and Ray Lata,<br><br>            Defendants. | No. CV-23-01059-PHX-DGC<br><br>**ORDER** |

Plaintiff Eric Gerow has sued a number of defendants in this case, including Defendants Tom Blackwell and Blackwell Automotive Inc. ("Blackwell Defendants"). The Blackwell Defendants claim that Plaintiff agreed to settle this case and entered into a binding settlement agreement with them. They have filed a motion to enforce the agreement. Doc. 209. Plaintiff has filed a response (Doc. 210) and the Blackwell Defendants have replied (Doc. 211).

Plaintiff has also filed a motion for oral argument (Doc. 212) which the Court will deny. The Court concludes that oral argument will not aid its decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.    Relevant Law.**

In Arizona, "[f]or an enforceable contract to exist, there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations

1

involved can be ascertained." *Rogus v. Lords*, 804 P.2d 133, 135 (Ariz. Ct. App. 1991).[1] For a binding contract to exist, it is not necessary that every minor element of the contract be agreed upon. "[T]he actions of the parties may show conclusively that they have intended to conclude a binding agreement, even though one or more terms are missing or are left to be agreed upon. In such cases courts endeavor, if possible, to attach a sufficiently definite meaning to the bargain." *Schade v. Diethrich*, 760 P.2d 1050, 1058 (Ariz. 1988) (quoting Restatement of Contracts § 33(3)). Further, "[t]he fact that one of the parties, with knowledge and approval of the other, has begun performance is nearly always evidence that they regard the contract as consummated and intend to be bound thereby." *Id.* at 1059 (citation modified).

## II.     Relevant Facts.

Plaintiff and the Blackwell Defendants engaged in settlement discussions. On October 14, 2025, Plaintiff sent the following email to counsel for the Blackwell Defendants. The most relevant language is italicized.

> Mr. Kelly and Mr. Winters,
>
> > Thank you for your messages. Based on the email traffic and telephone conversations today, Plaintiff summarizes the following *settlement deal*:
> >
> > 1. Defendant Tom Blackwell agrees to pay Plaintiff the sum of $50,000 payable within 45 days
> >
> > 2. Defendant Tom Blackwell agrees to provide information in his possession about the sale of Plaintiff's vehicle
> >
> > 3. Defendant Tom Blackwell agrees to have his deposition taken in the event that the settlement breaks down and the case continues
> >
> > 4. In exchange for the above, Defendant Tom Blackwell receives from Plaintiff a release of all claims and a dismissal with prejudice
>
> \* \* \*

---

[1] Plaintiff argues Arizona law governs this decision. *See* Doc. 210 at 3. The Court agrees.

2

> 6. All parties agree to operate in good faith within the plain language meaning of this agreement and work expeditiously to execute the settlement agreement and bring the case to a conclusion.
>
> *Plaintiff agrees to the settlement.*
>
> *If any party objects or has a different view, please say so now. Otherwise the parties are in agreement.*
>
> *If the parties are in agreement, the deposition for both Defendant Falcone and Defendant Tom Blackwell will be cancelled.*
>
> Respectfully,
>
> Eric Gerow

Doc. 209-1 at 4-5 (emphasis added).[2]

Counsel for the Blackwell Defendants responded later that day, asking Plaintiff to clarify that the agreement "should include a release and dismissal with prejudice of Tom Blackwell and Blackwell Automotive Inc." *Id.* at 3. Plaintiff replied: "The release and dismissal includes Defendant Tom Blackwell and Defendant Blackwell Automotive Inc." *Id.* at 3. Counsel for Defendants then wrote: "Sounds good. Please confirm cancellation of depositions." *Id* at 2. Plaintiff replied: "*Based on the settlement agreement*, the depositions of Defendant Tom Blackwell and Defendant Blackwell Automotive Inc. scheduled for October 15 have been cancelled." *Id.* (emphasis added).

### III. Discussion.

This exchange of emails clearly constitutes the formation of a contract. Plaintiff made an offer in his initial email to Defendants and, after clarifying that the release would include all the Blackwell Defendants, the Blackwell Defendants accepted the offer. There was clear consideration for the contract: a payment of $50,000 by one side and cancellation of the depositions, release of all claims, and dismissal with prejudice by the other. And the emails included "sufficient specifications of terms so that the obligations involved can be ascertained." *Rogus*, 804 P. 3d at 135.

---

[2] The fifth paragraph omitted from this quotation referred to Defendant Anthony Falcone who has since been dismissed from this case by stipulation. Docs. 202, 203.

The parties also clearly "manifested assent or intent to be bound." *Id*. Defendants confirmed this fact in their email, and Plaintiff described the terms as a "settlement deal." Doc. 209-1 at 4. Plaintiff also specifically said he "agrees to the settlement." *Id.* at 5. He further stated that if Defendants did not object, then "the parties are in agreement." *Id*. The Blackwell Defendants did not object; they responded: "Sounds good. Please confirm cancellation of depositions." *Id.* at 2. In response, Plaintiff cancelled the depositions "[b]ased on the settlement agreement." *Id.* Thus, both parties clearly manifested an assent to the agreement.

In addition, as noted above, the fact that the parties began performance "is nearly always evidence that they regard the contract as consummated and intend to be bound by." *Schade*, 760 P.2d at 1059 (citation omitted). In this case, performance of the agreement was begun when Plaintiff cancelled the depositions scheduled for the next day – one of the terms of the contract. While the parties had not reduced the agreement to a final writing, the Arizona Supreme Court has explained that "the parties may show conclusively that they had intended to conclude a binding agreement, even though one or more terms are missing or are left to be agreed upon." *Id*. at 1058 (citation omitted).

The Court concludes that Plaintiff and the Blackwell Defendants entered into a binding settlement agreement. The fact that the agreement was not reduced to a final writing does not change the fact that there was an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained. *Rogus*, 804 P.2d at 135. Under Arizona law, this is a binding contract. *Id.*

Plaintiff argues the Blackwell Defendants' effort to enforce the settlement agreement violates Federal Rule of Evidence 408. That rule prohibits the presentation of evidence of settlement discussions for the purpose of proving or disproving the validity or amount of a disputed claim in the litigation or to impeach by a prior inconsistent statement or contradiction. Fed. R. Evid. 408(a). Defendants have not presented evidence for any of these purposes. Rather, they have presented evidence to prove the existence of a binding settlement agreement. That purpose does not violate Rule 408. *See Westside Winery, Inc.*

*v. SMT Acquisitions, LLC*, No. 2:19-cv-4371 (JMA) (SIL), 2022 WL 4329735, at *7-8 (E.D.N.Y. Sept. 19, 2022).

Plaintiff further argues that a statement of agreement is not binding if the parties contemplated that their agreement would be reduced to writing and that they would not be bound until that happened. Doc. 210 at 4.[3] The parties in this case did not state that their agreement would not be binding until it was reduced to writing. To the contrary, Plaintiff specifically stated, in several different ways, that the parties had an agreement. And the contract was partially performed when the depositions were cancelled.

Plaintiff argues that additional terms were necessary for the agreement, such as a provision that the contract would not be set aside if the Blackwell Defendants declared bankruptcy. But Plaintiff did not insist on this term or include it in the material terms he outlined in his email describing the parties' "settlement deal." The fact that he thought of it later does not change the contract reached through the email exchange.

Plaintiff also later sought to increase the settlement amount to $55,000, but that is not the amount the parties agreed upon. The email exchange quoted above reflects a clear meeting of the minds on a $50,000 settlement amount.

Plaintiff further argues that the parties went through several different drafts of a settlement agreement and ultimately were unable to finalize the contract. As explained above, however, the parties' email exchange satisfied each Arizona requirement for the formation of a contract. The fact that they later were unable to arrive at a formal version of the agreement when Plaintiff sought to insert the bankruptcy term and increase the settlement amount does not change the fact that a contract came into existence on October 14, 2025, through the communications quoted above.

///

---

[3] Plaintiff cites *AROK Construction Co. v. Shipley*, 235 Ariz. 163, 166, 329 P.3d 1051, 1054 (Ct. App. 2014), for this proposition, but this case does not exist at the citation he provides, nor can the Court find the language he quotes in any Arizona case involving AROK Construction. Even if his statement of the law is correct, however, his argument fails.

5

**IV.    Conclusion.**

The Court finds that a binding settlement agreement has been reached in this case. In that agreement, Plaintiff agreed to dismiss his claims against the Blackwell Defendants with prejudice in exchange for $50,000 and Defendants' agreement to provide him with information about the sale of his vehicle. The Court will enforce this contract as requested by Defendants.

**IT IS ORDERED:**

1. Defendants' motion to enforce the settlement agreement (Doc. 209) is **granted**.

2. Within 45 days of this order, the Blackwell Defendants shall tender to Plaintiff the amount of $50,000. Upon doing so, Defendants shall file a notice with the Court that this amount has been tendered. Upon receiving Defendants' notice of tender, Plaintiff will be deemed to have released all claims against the Blackwell Defendants and the Court will dismiss Plaintiff's claims against the Blackwell Defendants with prejudice.[4]

3. The Blackwell Defendants' request for attorneys' fees is **denied**.

4. Plaintiff's motion for oral argument (Doc. 212) is **denied**.

5. The Court will rule on Plaintiff's pending motion for a default judgment against another defendant (Doc. 206) by separate order.

Dated this 20th day of February, 2026.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[4] The Court need not enforce the term requiring the Blackwell Defendants to provide information about the sale of Plaintiff's vehicle. Plaintiff states this issue is moot because he has located the vehicle on his own. Doc. 210 at 12.