**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Eric Gerow,

Plaintiff,

v.

Anthony Falcone; Tom Blackwell;
Blackwell Automotive Inc.; and Ray Lata,

Defendants.

No.  CV-23-01059-PHX-DGC

**ORDER AND DEFAULT JUDGMENT**

Plaintiff Eric Gerow has filed a motion for default judgment against Defendant Ray Lata pursuant to Federal Rule of Civil Procedure 55(b).  Doc. 206.  For reasons stated below, default judgment is appropriate and will be entered in the amount of  $40,131.

**I.      Background.**

This long-running case concerns Plaintiff's loss of a vehicle he purchased from Defendant Lata and left in the care of the Blackwell Defendants for repairs.  Plaintiff has settled his claims against the Blackwell Defendants and Defendant Anthony Falcone.  *See* Docs. 201, 213, 215.  Defendant Lata has not appeared in this action despite being served with process.  *See* Docs. 200 ¶ 25, 200-1 at 1.  The Clerk has entered Lata's default under Rule 55(a).  *See* Docs. 204, 205.  Lata has filed no response to Plaintiff's motion for default judgment and the time for doing so has expired.  *See* Fed. R. Civ. P. 6; LRCiv 7.2(c).

1

## II.     Default Judgment.

After the Clerk enters default, the Court has discretion to enter default judgment pursuant to Rule 55(b).  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  While the Court it is not required to make detailed findings of fact, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider several factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A.     Prejudice to Plaintiff.

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  This factor favors default judgment where the defendant fails to answer the complaint because the plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."  *Marquez v. Chateau Hosp., Inc.*, No. CV-20-0107 FMO (RAOx), 2020 WL 5118077, at *2 (C.D. Cal. June 11, 2020).

Despite being served with process more than nine months ago, Defendant Lata has not responded to the complaint.  If default judgment is not entered, Plaintiff likely will be without recourse.  The first *Eitel* factor favors default judgment.

### B.     Merits of the Claims and Sufficiency of the Complaint.

These *Eitel* factors are often analyzed together and require the Court to consider whether the complaint states a plausible claim for relief under the Rule 8 pleading standards.  *See PepsiCo*, 238 F. Supp. 2d at 1175; *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021); *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).  A claim is plausible when it is brought under a cognizable legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept the allegations of the complaint as true when applying these *Eitel* factors.  *See Ghotra*, 2021 WL 734585, at *2 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A review of the complaint shows that Plaintiff has stated plausible fraud claims against Lata.  *See* Doc. 169.  The second and third *Eitel* factors favor default judgment.

**C.     Amount of Money at Stake.**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's alleged misconduct.  *See PepsiCo*, 238 F. Supp. 2d at 1176.  Plaintiff seeks more than one million dollars in damages.  Doc. 206 at 5-6, 8.  The Court concludes that this amount is disproportionate to Lata's alleged fraudulent conduct.  This factor does not weigh in favor of default judgment.  *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006).

**D.     Potential Factual Disputes.**

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise."  *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021).  Where the defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded complaint are presumed true and . . . there is no possible dispute of material facts" with respect to liability.  *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021); *see Talavera*, 2021 WL 3493094, at *15 ("[A]ny purported factual dispute appears settled, as there is no indication that the Defaulted Defendants will defend against the action.").  The fifth *Eitel* factor supports default judgment.

**E.     Whether Default Was Due to Excusable Neglect.**

Plaintiff has provided proof that he served process on Lata on July 24, 2025.  Docs. 200 ¶ 25, 200-1 at 1; *see also* Doc. 216.  It therefore is "unlikely that [Lata's] failure to

3

answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse*, Inc., No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).  This factor favors default judgment.

### F.   Policy Favoring Decisions on the Merits.

Cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177.  Because Lata's failure to respond "makes a decision on the merits impractical, if not impossible," *Gemmel*, 2008 WL 65604, at *5, this factor favors default judgment.

### G.   Conclusion.

All but one of the *Eitel* factor favors default judgment.  The Court will enter default judgment against Lata and, for reasons explained below, award Plaintiff $40,131 in damages.

### III.   Damages.

The Court need not simply accept the amount of damages Plaintiff requests in granting default judgment.  *See Geddes*, 559 F.2d at 560.  Instead, there must be some evidentiary basis for the damages sought.  *See Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 WL 5721062, at *2 (D. Ariz. Nov. 5, 2019); *Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *5 (D. Ariz. Feb. 29, 2024).  The Court may, however, enter default judgment without a without a hearing on damages when the amount claimed is capable of ascertainment from the documentary evidence or a detailed declaration.  *See Demello v. United States*, No. C16-5741, 2018 WL 3625339, at *1 (W.D. Wash. June 5, 2018); *Santiago v. Tamarack Tree Co.*, No. CV-06-1811-HU, 2007 WL 3171159, at *1 (D. Or. July 13, 2007) ("[E]ven in cases without a 'sum certain,' a formal court hearing is not required[.]").

Plaintiff has filed a declaration and documentary evidence in support of his request for compensatory damages.  Doc. 206-1.  Plaintiff seeks $55,000 for the combined vehicle and repairs loss.  *Id.* at 2-4.  Plaintiff has shown that he paid Lata $10,500 for the vehicle

and paid a mechanic affiliated with Lata $1,934 for necessary repairs.  *Id.* at 2-3, 15-18. The Court will award Plaintiff $12,434 in damages for the amounts he paid for the vehicle and necessary repairs.[1]

Plaintiff estimates that he has incurred $2,697 in out-of-pocket litigation costs, which includes filing fees, service of process fees, postage, and certain other litigation-related expenses.  *Id.* at 5-6.  The Court will award Plaintiff's these costs.

Plaintiff seeks $250,000 for litigation-induced emotional distress and life disruption and an additional $250,000 for emotional distress caused by Lata's false statements to the police.  *Id.*  The Court is familiar with this litigation and Plaintiff's allegations against Lata, and the finds the amount of $25,000 to be appropriate and sufficient to compensate Plaintiff for his emotional distress and life disruption.

Plaintiff seeks punitive damages in the amount of $462,376.  *Id.* at 6.  Punitive damages in Arizona are reserved for "the most egregious of cases, in which the defendant's reprehensible conduct and evil mind are proven by clear and convincing evidence."  *SWC Baseline & Crismon Investors, L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1088 (Ariz. Ct. App. 2011) (citation modified).  In the default judgment context, the Court "must have independent evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default."  *Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016).  Plaintiff has not presented the requisite clear and convincing evidence to support an award of punitive damages.  The Court will exercise its discretion and deny Plaintiff's request for punitive damages.  *See Aldabe*, 616 F.2d at 1092.[2]

/ / /

---

[1] Plaintiff asserts that he paid Tom Blackwell $15,000 to perform additional repairs and that $50,000 represents the current fair market value of the vehicle.  *Id.* at 3.  But Plaintiff has settled his claims against the Blackwell Defendants for $50,000.  *See* Docs. 213, 215, 217.

[2] Similarly, the Court declines to award Plaintiff prejudgment interest on his compensatory damages.  *See* Doc. 206-1 at 7.

**IT IS ORDERED:**

1. Plaintiff Eric Gerow's motion for default judgment against Defendant Ray Lata (Doc. 206) is **granted in part** and **denied in part** as set forth above.

2. Default judgment is entered in favor of Plaintiff Eric Gerow and against Defendant Ray Lata in the amount of **$40,131**.

3. Plaintiff's request for an evidentiary hearing (Docs. 206 at 4, 216 at 3) is **denied**.

4. The Clerk is directed to terminate this action.

Dated this 21st day of May, 2026.

David G. Campbell
Senior United States District Judge