**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Eric Gerow,

Plaintiff,

v.

Anthony Falcone; Tom Blackwell; Blackwell Automotive Inc.; and Ray Lata,

Defendants.

No. CV-23-01059-PHX-DGC

**ORDER**

The Court entered default judgment in favor of Plaintiff Eric Gerow and against Defendant Ray Lata. Doc. 221. Plaintiff moves to alter or amend the judgment, and Defendant Lata moves to set it aside. Docs. 222, 230. For reasons stated below, Lata's motion will be denied and Plaintiff's motion will be denied in part and granted in part.

## I. Background.

This long-running case concerns Plaintiff's loss of a vehicle he purchased from Defendant Lata and left in the care of the Blackwell Defendants for repairs. Plaintiff settled his claims against the Blackwell Defendants and Defendant Anthony Falcone. *See* Docs. 201, 213, 215. Defendant Lata failed to appear in this action despite being served with process, and the Court entered default judgment against him in the amount of $40,131. Doc. 221.

## II. Lata's Motion to Set Aside Default Judgment.

Lata moves to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(4). Doc. 230. This rule authorizes relief from a final judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4).

The Supreme Court addressed the appropriate legal standard under Rule 60(b)(4) in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), explaining:

> "A judgment is not void . . . simply because it is or may have been erroneous." . . . Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction.

*Id.* at 270-71 (citations omitted).

Consistent with this analysis, lower courts have erected high standards against attacks on judgments under Rule 60(b)(4). *See Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023) ("Because the scope of what constitutes a 'void' judgment is 'narrowly circumscribed,' a judgment is void 'only where the assertion of jurisdiction is truly unsupported[.]'" (quoting *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019))); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Defective jurisdictional allegations are not fatal . . . . A judgment is only void where there is a 'total want of jurisdiction' as opposed to an 'error in the exercise of jurisdiction.'" (quoting *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985))). Courts have set these high standards out of respect for the finality of judgments and a concern that litigants will use Rule 60(b)(4) to circumvent the appellate process. *See Am. Realty Cap. Props. Inc. v. Holland*, No. CV-14-00673-PHX-DGC, 2014 WL 5023004, at *2 (D. Ariz. Oct. 8, 2014).

Lata argues that the default judgment is void because of lack of personal jurisdiction due to insufficient service of process. Doc. 230 at 1-2. Lata cites Federal Rule of Civil Procedure 4(e)(2)(B), which permits service at the defendant's dwelling or usual place of

abode. *Id.* But Lata was not served pursuant to Rule 4(e)(2)(B). Instead, Plaintiff served Lata under the alternative-service method approved by the Court on July 21, 2025. Doc. 183. Pursuant to Rule 4(e)(1), and because Lata had evaded multiple service attempts (*see* Docs. 181, 182), the Court permitted Plaintiff to serve Lata by mailing the operative complaint, summons, and a copy of the Court's order to Lata at his last known address. Doc. 183 at 1. Plaintiff has provided proof that he served Lata on July 24, 2025 by mailing the appropriate documents via the United States Postal Service to Lata's last known address: 1210 Forest Hills Drive, Wilmington, NC 28403. Docs. 200 ¶ 25, 200-1 at 1.

Lata asserts that he has never resided at the Wilmington address, and that at the time service was made, he lived in Astoria, New York. Doc. 230 at 3. But Lata presents no evidence in support of these assertions.[1]

Plaintiff has presented evidence that Lata knew this action had been filed against him, but nonetheless waited until after default judgment was entered to argue that he was not properly served. *See* Docs. 216, 232 ¶ 11. The Ninth Circuit has made clear that "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). "This rule is consistent with other cases which have held that the defendant moving to have a default judgment set aside under Rule 60(b) has the burden of proving that he is entitled to relief." *Id.* "The rule also comports with general principles of fairness. A defendant who has notice of an action against him may force the plaintiff to prove that service has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss. The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the

---

[1] Lata claims he first learned of this action when a tenant at the Wilmington address gave him mail that had accumulated there (*see id.*), but Lata does not explain why he received mail at that address.

plaintiff's action, should have to bear the consequences of such delay." *Id.* at 1165-66 (citations omitted).

Lata has not met his "substantial" burden of proving by "strong and convincing evidence" that he was not served with process. *Id.* at 1163-66; *see also Davis v. Koz*, No. 2:18-cv-06597-VAPJ-PRx, 2021 WL 2669568, at *4 (C.D. Cal. June 2, 2021) ("Defendant Braidi's self-serving statements alone cannot overcome the presumption of proper service afforded to the proof of service. Without more evidence, Defendant Braidi has not met her burden to show by strong and convincing evidence she was not served properly." (citations omitted)). Because Plaintiff has not overcome the high standards against attacks on final judgments under Rule 60(b)(4), *see Espinosa*, 559 U.S. at 270-71, the Court will deny his motion to set aside default judgment.

## III. Plaintiff's Motion to Alter or Amend Judgment.

After the Clerk entered Lata's default (*see* Doc. 205), the Court had discretion to enter default judgment against him. *See* Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court reviewed Plaintiff's motion for default judgment (Doc. 206) and, after considering the relevant factors, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), decided to award Plaintiff damages in the total amount of $40,131, consisting of $12,434 for the amounts Plaintiff paid for the vehicle and repairs, $25,000 for his emotional distress and life disruption, and $2,697 in out-of-pocket litigation costs. Doc. 221 at 4-5. The Court denied Plaintiff's request for punitive damages and prejudgment interest. *Id.* at 5 & n.2. Plaintiff moves to alter or amend the default judgment under Federal Rule of Civil Procedure 59(e). Doc. 222.

The Ninth Circuit has repeatedly cautioned that relief under Rule 59(e) is an "extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion should not be granted unless "(1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d

482, 491-92 (9th Cir. 2016) (citing *Allstate*, 634 F.3d at 1111). "This requirement is a high hurdle for [the movant] to meet." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001); *see also Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 1150953, at *2 (D. Ariz. Mar. 13, 2019) ("Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))).

Plaintiff makes six arguments in support of Rule 59(e) relief: (1) the fourth *Eitel* factor weighs in his favor; (2) the racketeering counts permit treble damages; (3) the vehicle should be valued at its fair market value with no offset for settlement; (4) prejudgment interest is owed as a matter of right; (5) punitive damages are warranted; and (6) an evidentiary hearing is required. Doc. 222 at 6-16.

**A. The Fourth *Eitel* Factor.**

Under this factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's misconduct. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Plaintiff sought more than one million dollars in damages against Lata. Doc. 206 at 5-6, 8. Because this amount is disproportionate to Lata's fraudulent conduct, the Court concluded that the fourth *Eitel* factor does not weigh in favor of default judgment. Doc. 221 at 3.

Plaintiff argues that this factor weighs in his favor and does not limit the amount of damages to be awarded. Doc. 222 at 5-7. But the Court did not limit the amount of damages based on the fourth *Eitel* factor. Even if the fourth factor favored default judgment, the Court still would have awarded Plaintiff $40,131 in damages.

The Court will deny Plaintiff's Rule 59(e) motion on this point.

**B. Treble Damages on the Racketeering Claims.**

Plaintiff argues that he is entitled to treble damages on his racketeering claims. Doc. 222 at 7-9 (citing 18 U.S.C. § 1964(c); A.R.S. § 13-2314.04(A)). But the Court granted default judgment only on the fraud claims. Doc. 221 at 2-3. Plaintiff has not shown that

the Court clearly erred or abused its discretion in concluding that Plaintiff did not plausibly allege racketeering claims against Lata. *See Aldabe*, 616 F.2d at 1092-93 ("The district court's decision whether to enter a default judgment is a discretionary one. Given the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant." (citations omitted)); *Ottele v. Martinez*, No. 1:22-CV-00187-JLT-CDB, 2026 WL 3121477, at *2 (E.D. Cal. Oct. 19, 2026) (explaining that "courts may decline to enter default judgment if a party's claims are legally insufficient").

The Racketeer Influenced and Corrupt Organizations Act ("RICO") provides a private right of action to recover for injuries caused by racketeering activities. *See* 18 U.S.C. § 1964(c). "To state a viable RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity (the 'predicate acts'); (5) causing injury to the plaintiff's business or property." *Gerow v. U.S. Dep't of Just.*, No. CV-23-01059-PHX-DGC, 2024 WL 149740, at *10 (D. Ariz. Jan. 12, 2024) (citing *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).

Plaintiff alleges, in conclusory fashion, that the Blackwell Defendants constitute a racketeering enterprise and Defendant Lata participated in a fraudulent scheme with the Blackwell Defendants to deprive Plaintiff of his property. Doc. 169 ¶¶ 71-76. Plaintiff further alleges that Lata engaged in various predicate acts when he falsely asserted to Defendant Richerson that he had an ownership interest in the vehicle. *Id.* ¶ 73.

Plaintiff, however, has not alleged facts to suggest a pattern of racketeering activity. Nor has he alleged that Defendants constitute an enterprise. "An enterprise 'is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.' It must have three structural features: 'a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Allen v. Cnty. of L.A.*, No. 2:20-cv-09421-DMG (SP), 2021 WL 6103536, at *9 (C.D. Cal. Sept. 16, 2021) (citing *Boyle v. United States*, 556 U.S. 938, 945-46 (2009)); *see also Wexler v. Schwartz*, No. 26-cv-

02092-LB, 2026 WL 3417170, at *4 (N.D. Cal. Oct. 30, 2026) ("To plead an associated-in-fact enterprise, the plaintiff must allege facts showing a common purpose, a structure or organization, and longevity sufficient to pursue the purpose, and he must plead fraud-based predicate acts with the time, place, content, and speaker of each misrepresentation.").

Plaintiff alleges no facts to plausibly suggest Defendants were acting in an ongoing organized manner or with a common purpose. *See Wexler*, 2026 WL 3417170, at *10 ("[P]laintiff has not plausibly pleaded a structure or organization connecting each defendant. The complaint contains conclusory allegations that the defendants are acting in an 'ongoing pattern of racketeering.' But this is conclusory and lacks the specifics necessary to support a plausible organization between the defendants."); *Allen*, 2021 WL 6103536, at *9 (dismissing RICO claim where the plaintiff's conclusory allegations did not plead the structural features of an enterprise or a pattern of racketeering activity); *Rizik v. Virnig*, No. CV-25-00776-PHX-KML, 2025 WL 3563248, at *5 (D. Ariz. Dec. 12, 2025) (same where the complaint contained no specific facts regarding the structure of the enterprise or role of any particular defendant).

In his motion for default judgment, Plaintiff argued only that the complaint states viable fraud claims, citing Lata's false statement to police that he retained a financial interest in the vehicle. Doc. 206 at 7. The motion made no attempt to establish the substantive merits of his racketeering claims. *See id.*

The Court will deny Plaintiff's Rule 59(e) motion based on his argument that the Court erred by not awarding treble damages for racketeering.

### C. Vehicle's Fair Market Value and Offset.

Plaintiff presented evidence that he paid Lata $10,500 for the vehicle and paid a mechanic affiliated with Lata $1,934 for necessary repairs. Doc. 206-1 at 2-4, 15-18. The Court awarded Plaintiff $12,434 in damages for the amounts he paid for the vehicle and repairs. Doc. 221 at 5.

Plaintiff also estimated that $50,000 represents the fair market value of the vehicle. Doc. 206-1 at 3. But as the Court explained, Plaintiff has settled his claims against the

Blackwell Defendants for $50,000. Doc. 221 at 5 n.2 (citing Docs. 213, 215, 217). Plaintiff asserts that the rule against double recovery only prevents a plaintiff from collecting the same loss twice, but identifies no legal authority in support of this assertion. Doc. 221 at 10. And given the settlement with the Blackwell Defendants, Plaintiff has not established that the Blackwell Defendants and Lata are jointly and severally liable for Plaintiff's entire loss. *See id.* (citing A.R.S. § 12-2506(D)(1)).

Plaintiff further asserts that "offset" is an affirmative defense that should not be raised by the Court on default judgment. Doc. 221 at 11. Contrary to Plaintiff's assertion, Rule 8(c) does not include "offset" among the listed defenses that must be affirmatively stated in a responsive pleading. *See* Fed. R. Civ. P. 8(c)(1). What is more, the Court need not simply accept the amount of damages Plaintiff requests in granting default judgment. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d).

Plaintiff has not shown that the Court clearly erred in declining to include the $50,000 fair market value of the vehicle in the default judgment against Lata. Plaintiff's Rule 59(e) motion will be denied on this issue.

**D. Prejudgment Interest.**

"Under Arizona law, 'prejudgment interest on a liquidated claim is a matter of right.'" *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 2001) (quoting *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 237 (Ariz. 1996)). "[A] claim is liquidated if the plaintiffs provide a basis for precisely calculating the amounts claimed." *Gemstar*, 917 P.2d at 237.

Plaintiff seeks an award of prejudgment interest. Docs. 206-1 at 7, 222 at 11-12. The Court finds that Plaintiff is entitled to prejudgment interest on the $12,434 he paid for the vehicle and repairs because this amount has been precisely calculated. *See Scottsdale Ins. Co. v. Cendejas*, 205 P.3d 1128, 1136 (Ariz. Ct. App. 2009) ("[T]he cost of repairing Andrews' house, his personal property losses, and living expenses were equally ascertainable by accepted standards. His damages, therefore, were liquidated."); *Precision Heavy Haul, Inc. v. Trail King Indus., Inc.*, 228 P.3d 895, 899 (Ariz. Ct. App. 2010) ("[T]he

damage components claimed by Precision were capable of straightforward calculation, which Trail King did not challenge. Therefore, Precision was entitled to prejudgment interest on those components.").[2]

"[T]he district court has discretion to determine the date of commencement of prejudgment interest." *AMHS Ins.*, 258 F.3d at 1103. "Under Arizona law, prejudgment interest begins when the creditor provides to the debtor 'sufficient information and supporting data so as to enable the debtor to ascertain the amount owed.'" *Id.* (quoting *Homes & Son Constr. Co. Inc. v. Bolo Corp.*, 526 P.2d 1258, 1261 (Ariz. 1974)). "[A] demand for a lump sum payment without an itemization is insufficient." *Scottsdale Ins.*, 205 P.3d at 1136.

Plaintiff notes that he paid for the vehicle and repairs in 2018, but does not identify the date on which he provided Lata with sufficient information for Lata to determine the specific amounts owed. Doc. 222 at 12. Plaintiff first identified the amounts owed in his motion for default judgment filed and served on December 5, 2025. *See* Doc. 206-1 at 2-3. The Court therefore will award prejudgment interest from the date the motion for default judgment was served, December 5, 2025, until the date of the default judgment, May 22, 2026. *See* Docs. 206, 221. The rate will be 8% – one percent plus prime (currently 7%) – as provided in Arizona statutes. *See* A.R.S. § 44-1201(B); *Fineline, Ltd. v. Mikor Funding Grp.. LLC*, No. CV-25-02519-PHX-DGC, 2026 WL 3181097, at *4 (D. Ariz. Oct. 23, 2026). This totals $460.57.[3]

The Court will grant Plaintiff's Rule 59(e) motion with respect to prejudgment interest.

/ / /

---

[2] Prejudgment interest is not appropriate on the $25,000 the Court awarded Plaintiff for his emotional distress and life disruption because this amount is unliquidated. *See* A.R.S. § 44-1201(D)(1); *Metzler v. BCI Coca-Cola Bottling Co. of L.A.*, 329 P.3d 1043, 1046 (Ariz. 2014).

[3] 8% interest on $12,434 amounts to $2.73 per day (8% x $12,434 / 365). That amount for the 169 days between December 5, 2025 and May 22, 2026 equals $460.57.

**E. Punitive Damages.**

Punitive damages in Arizona are reserved for "the most egregious of cases, in which the defendant's reprehensible conduct and evil mind are proven by clear and convincing evidence." *SWC Baseline & Crismon Investors, L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1088 (Ariz. Ct. App. 2011) (citation modified). In the default judgment context, the Court "must have independent evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default." *Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016).

Because Plaintiff did not present the requisite clear and convincing evidence to support an award of punitive damages, the Court denied his request for such damages. Doc. 221 at 5. Plaintiff argues that the Court erred in this regard, asserting that overwhelming evidence of an "evil mind" is already in the record. Doc. 222 at 13-14. As explained in the default judgment order, the Court is familiar with this litigation and Plaintiff's allegations and evidence against Lata. The Court is not convinced that its decision to deny punitive damages was manifestly erroneous or unjust. *See Young v. Wolfe*, No. CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) ("Clear error or manifest injustice occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'") (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

To recover punitive damages, "something more is required over and above the 'mere commission of a tort.'" *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 679 (Ariz. 1986) (quoting *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986)). This is so because punitive damages "primarily further the same objectives underlying criminal law: punishing the defendant and deterring the defendant and others from future misconduct." *Gurule v. Ill. Mut. Life & Cas. Co.*, 734 P.2d 85, 86 (Ariz. 1987). Plaintiff has presented evidence of Lata's fraudulent scheme involving the sale of the vehicle and transfer of its title, but this evidence does not rise to the high level necessary for punitive damages.

Plaintiff's arguments to the contrary (*see* Docs. 206-1 at 2-6, 222 at 12-15) provide no basis for Rule 59(e) relief. *See Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1003 (D. Ariz. 2011) ("Plaintiff claims that the requisite evil mind may be inferred from Romley's active participation in an ongoing fraud. But to recover punitive damages, "something more is required over and above the 'mere commission of a tort.'" (citations omitted)); *see also Cox v. U.S. Dep't of Treasury*, No. CV 07-1200-PHX-SMM, 2008 WL 1994915, at *1 (D. Ariz. May 6, 2008) ("According to Rule 59(e), it is manifestly clear that this Court is strictly prohibited from reconsidering arguments previously made by a party, absent clear error."); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (discussing when relief is available under Rule 59(e) and explaining that a movant may not "repeat[ ] legal arguments made earlier").

The Court will deny Plaintiff's Rule 59(e) motion based on his argument that the Court erred in denying punitive damages.

**F. Plaintiff's Request for an Evidentiary Hearing.**

Plaintiff's request for an evidentiary hearing was denied because the Court is familiar with this litigation and Plaintiff presented a detailed declaration and documentary evidence in support of his motion for default judgment and request for damages. *See* Doc. 221 at 4. Plaintiff asserts that denial of a hearing is the error Rule 59(e) exists to correct, but cites no legal authority in support of this assertion. Doc. 222 at 16.

The law is clear that, "even in cases without a 'sum certain,' a formal court hearing is not required[.]" *Santiago v. Tamarack Tree Co.*, No. CV-06-1811-HU, 2007 WL 3171159, at *1 (D. Or. July 13, 2007) (citations omitted). "A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Demello v. United States*, No. C16-5741, 2018 WL 3625339, at *1 (W.D. Wash. June 5, 2018) (citation omitted); *see also Roman Cattle Co. v. Producers Livestock Mktg. Ass'n*, No. 4:25-cv-00703-DKG, 2026 WL 3229095, at *3 (D. Idaho Oct. 28, 2026) ("Rule 55(b)(2) does not require a hearing before the entry of default judgment, and the

court has discretion to decide whether a hearing is necessary. . . . Here, having reviewed the submissions filed in support of the motion and the entire record herein, the Court finds the record is sufficient to determine the damages and judgment amount without a hearing.").

Plaintiff has not shown that the Court clearly erred or abused its discretion in ruling on the motion for default judgment without a hearing. Plaintiff's Rule 59(e) motion will be denied on this point.

**IT IS ORDERED:**

1. Defendant Ray Lata's motion to set aside default judgment (Doc. 230) is **denied**.

2. Plaintiff Eric Gerow's motion to alter or amend judgment under Rule 59(e) (Doc. 222) is **denied in part** and **granted in part** as set forth above.

3. The default judgment entered against Defendant Lata (Doc. 221) is **amended** to include an award of prejudgment interest in the amount of **$460.57**.

4. Plaintiff's motion to deem his Rule 59(e) motion timely (Doc. 223) is **granted**.

Dated this 17th day of November, 2026.

David G. Campbell

David G. Campbell
Senior United States District Judge